■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY GARNER, Appellant. [602 NYS2d 47] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered November 21, 1991, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of 5 years probation, unanimously affirmed.

We agree with the hearing court that the police were justified in stopping and frisking defendant. "[A] radioed tip * * * when considered in conjunction with other supportive facts * * * [may] support a reasonable suspicion justifying intrusive police action. * * * [T]his additional support can, as well, be provided by factors rapidly developing or observed at the scene." *(People v Benjamin,* 51 NY2d 267, 270.) Here, upon arriving at the store where an armed robbery was reportedly in progress, the arresting officers saw two men leaving the store who so closely fit the radioed descriptions of the two robbers that the reliability of the tip could reasonably be assumed *(see, supra).* It was also reasonable to assume that a potential for great danger existed *(see, People v Bond,* 116 AD2d 28, 31, *lv denied* 68 NY2d 767), a fear heightened by the officers' observation of a bulge in defendant's waistband and by defendant's response that "nothing" was contained in the waistband. A different conclusion is not required by the fact that when the officers entered the store they learned that there had not been a robbery. Concur—Murphy, P. J., Wallach, Kupferman and Ross, JJ.